IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LEQUITA DENNARD, JOHN GULO, TERRANCE LAVELA, KATHRYN A. SEDLACEK, HENRY D. SCHMOLL, and PHILIP A. KRAMER,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSAMERICA CORPORATION, TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY, TRANSAMERICA RETIREMENT SOLUTIONS CORPORATION, KIRK BUESE, RALPH ARNOLD, KEN KLINGER, MARY TAIBER, DIANE MEINERS, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C15-0030<br><br>REPORT AND RECOMMENDATION |

On the 9th day of June 2016, this matter came on for hearing on the Motion for Order Preliminarily Approving Settlement and Certifying Settlement Class (docket number 86) filed by the Plaintiffs on May 20, 2016. Plaintiffs were represented by attorneys Gregory Y. Porter, Brad J. Brady, and J. Barton Goplerud. Defendants were represented by attorneys Wilford H. Stone, Brian David Boyle (appearing telephonically), and Christopher Brendan Craig (appearing telephonically).

On February 6, 2015, Plaintiff Lequita Dennard filed a class action complaint on behalf of herself and others similarly situated.[1] On April 7, 2015, Philip A. Kramer filed

---

[1] The complaint was initially filed in the United States District Court for the Central
(continued...)

a class action complaint individually and on behalf of others similarly situated.[2] By agreement, the cases were consolidated on July 29, 2015. A second amended class action complaint was filed on August 5, 2015. Defendants filed an answer to the second amended complaint on August 24, 2015.

Plaintiffs allege that the Transamerica 401(k) Retirement Savings Plan suffered losses from ERISA-violating conduct by the Defendants. Plaintiffs allege the Plan's fiduciaries failed to act solely in the interest of the Plan participants when making decisions with respect to selecting, removing, replacing, and monitoring the Plan's investments. Defendants deny the allegations, asserting that the administrative fees of the Plan were reasonable and the practice of offering Transamerica's own products as investment options for the Plan is both common and lawful.

The parties have reached a settlement pending court approval. On May 20, 2016, Plaintiffs filed the instant motion asking the Court to (1) conditionally certify the settlement classes, (2) preliminarily approve the settlement, (3) enjoin settlement class members from pursuing separate claims pending final approval of the settlement, (4) directing notice to class members, (5) appoint KCC Class Action Services LLC as settlement administrator, (6) schedule a final approval hearing, and (7) schedule a hearing on Plaintiffs' impending application for fees and costs. In support of their motion, Plaintiffs attached a memorandum of law, the class action settlement agreement and release, and supporting documents. The proposed agreement calls for structural changes in the way the Transamerica 401(k) Retirement Savings Plan is administered, and also calls for payment to class members (before costs are deducted) of $3.8 million.

---

[1](...continued)
District of California, and was transferred to the Northern District of Iowa on about April 3, 2015.

[2] *See Philip A. Kramer v. Aegon USA LLC, et al.*, No. 1:15-cv-00031-EJM (N.D. Iowa).

At the hearing, Plaintiffs established the class prerequisites found in FEDERAL RULE OF CIVIL PROCEDURE 23(a). The class is estimated to be 16,000 persons. The issues raised in this litigation are common to all class members, and the claims presented by the named plaintiffs are typical of the class claims. The Plaintiffs and their attorneys will fairly and adequately protect the interests of the class.

Plaintiffs assert the monetary relief class satisfies the requirements of RULE 23(b)(1) and the structural changes class satisfies the requirements of RULE 23(b)(2). The proposed settlement provides that these are mandatory classes and members of the class will not be permitted to exclude themselves from the settlement and preserve their claims. That is, if the settlement is approved, class members will not be permitted to opt-out.

Plaintiffs place the value of structural changes to the plan over the next three years at approximately $3 million. In addition, Transamerica will pay a cash settlement of $3.8 million. From that amount, costs will be deducted, including a case contribution award to each of the named plaintiffs (up to $6,000), attorney fees (up to 1/3 of the cash award), administrative fees to KCC, any taxes attributable to the settlement fund, and payment to an "independent fiduciary" as required by the Prohibited Transaction Exemption. Counsel were unable to provide the Court with an estimate regarding an average recovery to class members.

Having reviewed the motion and the supporting documents, including the Proposed Settlement Agreement (docket 87 at 32-62), and having heard the representations of counsel, I respectfully recommend the relief requested by Plaintiffs, as set forth above, be granted. Specifically, I recommend the Preliminary Approval Order provided by counsel (docket number 87-2) be signed and filed.

## RECOMMENDATION

For the reasons set forth above, I respectfully **RECOMMEND** the Court sign and file the Preliminary Approval Order (docket number 87-2) provided by counsel. The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after

being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.

DATED this 10th day of June, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA