UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LEQUITA DENNARD, et. al., | )<br>) |
| Plaintiffs, | ) No. 15 cv 30 EJM<br>) |
| vs. | )<br>) ORDER |
| TRANSAMERICA CORPORATION, et. al., | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on the (1) defendants' motion for judgment on the pleadings, and (2) defendants' motion for summary judgment, filed Nov. 23, 2015, (3) plaintiffs' unresisted motion for preliminary approval order of the proposed settlement and certification of the class, filed May 20, 2016, (Motion), and (4) the magistrate judge's (MJ) unresisted Report and Recommendation (R&R), filed June 10, 2016, recommending granting the Motion. Motion for judgment on the pleadings and motion for summary judgment denied without prejudice as moot. Motion for preliminary approval of proposed settlement granted. R&R accepted; class certified and settlement preliminarily approved, per separate order.

Jurisdiction and venue under 28 U.S.C. §§1331 and 1391. Plaintiffs allege that the defendant Trustees of the Transamerica 401(k) Retirement Savings Plan (Plan) violated their ERISA mandated fiduciary duty in administering and in charging too high fees for the retirement accounts of Transamerica employees. Plaintiffs allege the Plan's fiduciaries failed to act solely in the interest of the Plan participants when making decisions with respect to selecting, removing, replacing, and monitoring the Plan's investments, including setting fees. Defendants deny the allegations, asserting that the

1

administrative fees of the Plan were reasonable and the practice of offering Transamerica's own products as investment options for the Plan is both common and lawful.

The parties have reached a settlement pending court approval. Plaintiffs filed the instant motion asking the Court to (1) conditionally certify the settlement classes, (2) preliminarily approve the settlement, (3) enjoin settlement class members from pursuing separate claims pending final approval of the settlement, (4) directing notice to class members, (5) appoint KCC Class Action Services LLC as settlement administrator, (6) schedule a final approval hearing, and (7) schedule a hearing on Plaintiffs' impending application for fees and costs. The proposed agreement calls for prospective structural changes in the way the Transamerica 401(k) Retirement Savings Plan is administered and fees calculated, and also calls for payment to class members. Defendants would pay $3.8 million, which includes all costs.

The MJ held a hearing on the preliminary approval of the settlement and certification of the class on June 9, 2016. In his R&R, the MJ recommended preliminary approval of the settlement, and certification of the class. The court accepts the MJ's recommendations. Plaintiffs established the class prerequisites found in Federal Rule of Civil Procedure 23(a). The class is estimated to be 16,000 persons. The issues raised in this litigation are common to all class members, and the claims presented by the named plaintiffs are typical of the class claims. The Plaintiffs and their attorneys will fairly and adequately protect the interests of the class.

The MJ preliminarily found and this court preliminarily accepts that the monetary relief class satisfies the requirements of Rule 23(b)(1), and that the class satisfies the

requirements of Rule 23(b)(2). The proposed settlement provides for mandatory classes and that members of the class will not be permitted to exclude themselves from the settlement and preserve their claims. If the settlement is ultimately approved, class members will not be permitted to opt-out.

Plaintiffs place the value of structural changes to the plan over the next three years at approximately $3 million. In addition, Transamerica will pay a cash settlement of $3.8 million. From that amount, costs will be deducted, including a cash contribution award to each of the named plaintiffs (up to $6,000), attorney fees (up to one third of the cash award), administrative fees to the settlement administrator, any taxes attributable to the settlement fund, and payment to an "independent fiduciary" as required by the Prohibited Transaction Exemption.

The court will preliminarily approve the settlement and certify the class by the Preliminary Approval Order, to be filed simultaneously herewith.

However, the court notes that at the upcoming Fairness Hearing, to be held by the MJ at a time and place of his setting, in addition to all other evidence and proofs to be submitted by the parties, in order to insure that the proposed settlement is "fair, reasonable and adequate" F.R.Civ.P. 23(e), this court expects further evidence that the prospective, structural changes to the fees charged make them sufficiently low to fully comply with the Trustees' fiduciary duty to the Plan members. For example, the Motion states that in preparation for filing the complaint, plaintiffs' counsel "undertook extensive investigation...[into] Department of Labor filings from the Plan...and *peer* plans,...the investment structure and fees paid by the Plan in comparison with other types of investments and fees generally [and in particular with fees charged by *peer* financial

3

services companies in their retirement plans to their employees],..plan studies and surveys addressing methods of funding the administrative costs of plans; and *peer* plan administrative fee structures." (italics added) Motion, p. 6, doc. 86-1. The parties should present proof at the Fairness Hearing on what the new fees are, how the new fees compare with the old fees, including whether subadvisor fees remain or have been eliminated, whether subadvisor fees are typically charged by peer plan sponsors, and how the new fees and charges, including subadvisor fees if any, compare with the fees and charges in peer financial company retirement plans, comparing both the fees for defendants' own funds which will continue to be offered and the fees for the new outside 2%-fee S&P 500 Index Fund and the new outside 7%-fee bond index fund, separately and together, with peer funds. Further, the parties shall clarify whether the total fees and charges will actually be lowered by the proposed settlement, and if so by exactly how much, or merely "shall not exceed those [fees] in effect as of Dec. 31, 2015," as stated in Motion, p.7, IV-A-bullet pt. 1. Lastly, the second amended complaint, para. 6, complains that the Plan invested 94.4% of its members' assets in company managed funds. (See also para. 30, stating 85%.) The parties should be prepared to show at the Fairness Hearing what percentage of its members' assets will be invested in company managed funds under the new rules, and how this compares with the respective percentages of peer funds. On all these measures comparing the Plan as changed to its peers, the court expects the Plan as changed to have fees as low as and other measures as pro-member as the midpoint of the range of its peers, or better (more pro-member), or show good cause why not.[1] Grunin v. Int'l. House of Pancakes, 513 F.2d 114, 124 (8th Cir. 1975);

---

[1] These are the same methods of measurement of a corporate retirement plan; (1) level of fees, (2) existence of extra "subadvisor" level of fees, and (3) percentage of member assets in company-managed funds; by which plaintiffs

4

Van Horn v. Trickey, 840 F.2d 604, 607 (8th Cir. 1988); In re Wireless Telephone Cost Recovery Fees Lit., 396 F.3d 922 (8th Cir. 2005.)

As to the motion for judgment on the pleadings and the motion for summary judgment, the parties agreed that these could be dismissed without prejudice as moot in light of the pending proposed settlement.

It is therefore

ORDERED

Motion for judgment on the pleadings and motion for summary judgment denied without prejudice as moot. R&R accepted. Motion for preliminary approval of proposed settlement and to certify the class granted; settlement will be preliminarily approved and class certified in separate Preliminary Approval Order.

June 24, 2016

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

---

attack the Plan in their complaint. It is therefore fair to now use these same measurements to judge the alleged improvements which the settlement brings. Nor is it asking too much that by these measurements, the improvements, for which plaintiffs' lawyers are seeking over one million dollars in legal fees, in fact improve the Plan to at least average amongst its peers.

5