IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LEQUITA DENNARD, JOHN GULO, TERRANCE LAVELA, KATHRYN A. SEDLACEK, HENRY D. SCHMOLL, and PHILIP A. KRAMER,<br><br>Plaintiffs,<br><br>v.<br><br>AEGON USA LLC, TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY, TRANSAMERICA RETIREMENT SOLUTIONS CORPORATION, KIRK BUESE, RALPH ARNOLD, KEN KLINGER, MARY TAIBER, DIANE MEINERS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:15-cv-00030-EJM<br><br>Judge:    Hon. Edward J. McManus<br>Magistrate:  Hon. Jon S. Scoles |

## PRELIMINARY APPROVAL ORDER

(1) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASSES AND APPOINTING CLASS COUNSEL;
(2) GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;
(3) ENJOINING SETTLEMENT CLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE CLAIMS AT ISSUE IN THIS ACTION PENDING FINAL APPROVAL OF THE SETTLEMENT;
(4) DIRECTING NOTICE TO MONETARY RELIEF CLASS MEMBERS AND APPROVING THE PLAN AND FORM OF NOTICE;
(5) APPOINTING A SETTLEMENT ADMINISTRATOR;
(6) SCHEDULING A FAIRNESS HEARING; AND
(7) SCHEDULING A HEARING ON CLASS COUNSEL'S MOTION FOR FEES AND COSTS AND THE PAYMENT OF SERVICE AWARDS TO THE NAMED PLAINTIFFS

The Court having received and considered Plaintiffs' Unopposed Motion for an Order

(the "Motion") in the above-captioned action (the "Action") and supporting papers including the

Class Action Settlement Agreement dated May 19, 2016 (the "Settlement Agreement") and the declarations of counsel, having further considered the arguments of counsel and the pleadings and record in this case, and the magistrate judge having held a hearing on the motion on June 9, 2016, and finding good cause for granting the Motion,

1. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2. This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3. Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4. The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Fairness Hearing, and the mailing of notices to Monetary Relief Class Members, each as provided for in this Order. The Court further finds that the formula proposed by Plaintiffs and Class Counsel for allocating the Distributable Settlement Fund among Monetary Relief Class Members is fair and reasonable.

5. The Court approves the retention by Class Counsel of KCC Class Action Services, LLC as the Settlement Administrator.

6. In further aid of the Court's jurisdiction to review, consider, implement, and enforce the settlement, the Court orders that Plaintiffs and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in

whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

7. The Court approves the Notice of Proposed Class Action Settlement ("Notice") in substantially the form attached as Exhibit B to the Settlement Agreement.

### Class Certification for Settlement Purposes

8. Pursuant to Rules 23(a)(b)(1), and (b)(2) of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the proposed Settlement non-opt-out, (1) Structural Changes Class under Rule 23(b)(2) consisting of all participants on or after the date of entry of the Preliminary Approval Order; and (2) Monetary Relief Class under Rule 23(b)(1) consisting of all current and former participants in the Employees Plan or the Individual Field Plan who maintained a balance of any amount in either of the Plans at any point during the period February 6, 2009 to the date of entry to the Preliminary Approval Order.

9. Solely for purposes of the proposed Settlement of these Actions, the Court finds that each element required for certification of the Settlement Classes pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Classes are so numerous that their joinder in the Actions would be impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Classes; (d) Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Classes. With respect to the Monetary Relief Class, the Court finds that the requirements of Rule 23(b)(1)(A)

3

and 23(b)(1)(B) have been met. Prosecution of separate actions by individual members of the Monetary Relief Class would create a risk of inconsistent or varying adjudications as to individual Monetary Relief Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in these Actions. Monetary relief ordered as a result of any one action by an individual class member would alter the Plan for all class members, impairing or impeding those other members' ability to prosecute their interests. With respect to the Structural Changes Class, the Court finds that the requirements of Rule 23(b)(2) have been met for purposes of settlement: Defendants have acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

10.  The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certify them as Class Representatives for the Settlement Classes. The Court also appoints Plaintiffs' Counsel as Class Counsel for the Settlement Classes.

### Manner of Giving Notice

11.  Not later than fourteen (14) days after entry of this Order, Defendants shall provide the Settlement Administrator with the names and last known addresses and email addresses (if available) of the Settlement Class Members. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

12.  Not later than thirty (30) days after entry of this Order, the Settlement Administrator shall cause copies of the Notice to be sent by first-class mail, postage pre-paid, or by email (if available) to all Settlement Class Members through the notice procedure described in the Settlement Agreement.

13. Not later than five (5) days after sending the Notice to Settlement Class Members, the Settlement Administrator shall provide to Class Counsel and to Defendants' Counsel a declaration attesting to compliance with the sending of the Settlement Notices, as set forth above.

14. The Court finds that the notice to be provided as set forth in this Order is the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, the hearing on the motion for fees, or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

15. All reasonable costs incurred by Plaintiffs' Counsel or the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

### **Fairness Hearing**

16. The Magistrate Judge will set the time and place and will hold a settlement hearing (the "Fairness Hearing") and issue a Report and Recommendation for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Classes and should be approved by the Court; (b) to determine whether a Judgment to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Members; (c) to determine whether the proposed Plan of Allocation (attached as Exhibit C to the Settlement Agreement) for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (e) to consider any other matters that may properly be brought

5

before the Court in connection with the Settlement. Notice of the Settlement and the Fairness Hearing shall be given to Settlement Class Members as set forth in Paragraph 12 of this Order.

17. The Court may adjourn the Fairness Hearing and approve the proposed Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

18. Not later than 30 days before the Fairness Hearing, Class Counsel shall submit their papers in support of final approval of the Settlement Agreement, Class Counsels' applications for attorneys' fees, expenses and service payments.

## **Objections to the Settlement**

19. The Court will consider written comments and objections to the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or to the request for a Cash Contribution Award for the Plaintiffs only if such written comments or objections are filed with the Court Clerk not later than 15 days before the Fairness Hearing and comply with the requirements of Paragraph 20 below, and are served on the Parties at the following addresses:

For Filing with the Court:

> United States District Court
> Northern District of Iowa
> Cedar Rapids Division
> 111 Seventh Avenue, SE
> Cedar Rapids, IA 52401-2101
> Re: *Dennard, et al. v. Aegon USA LLC, et al.*
> (Case No.: 1:15-cv-00030-EJM)

To Class Counsel:

> Gregory Y. Porter
> Bailey & Glasser, LLP
> 910 17th Street, NW, Suite 800
> Washington, DC 20006

6

To Defendants' Counsel:

> Brian D. Boyle
> O'Melveny & Myers LLP
> 1625 Eye Street, NW
> Washington, DC 20006

20. The Court will consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court. These should include all of the following: (a) the name and case number of the Action; (b) the Settlement Class Member's full name, address, telephone number, and signature; (c) a statement that the person submitting the comments or objections is a Settlement Class Member and an explanation of the basis upon which the person claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/or testify at the Fairness Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection. Any member of either Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an order from the Court. The Named Plaintiffs or Defendants may, bearing the cost, take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

21. Anyone who files and serves a timely, written comment or objection in

7

accordance with this Order may also appear at the Fairness Hearing either in person, in a manner set by the Magistrate Judge, or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court Clerk by no later than 15 days before the Fairness Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

22.     The Parties may file written responses to any objections not later than 7 days before the Fairness Hearing.

## Termination of Settlement

23.     This Order shall become null and void, ab initio, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective statuses as of January 21, 2016, prior to this Settlement Agreement, if the Settlement Agreement is terminated in accordance with the terms of the Settlement Agreement.

## Use of Order

24.     This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties. This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Defendant of, wrongdoing or liability in the Actions or any other proceeding; (b) is

8

Case 1:15-cv-00030-EJM   Document 98   Filed 06/24/16   Page 8 of 9

not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Classes that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.

**ORDERED**

June 24, 2016

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

9

Case 1:15-cv-00030-EJM   Document 98   Filed 06/24/16   Page 9 of 9