IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LEQUITA DENNARD, JOHN GULO, TERRANCE LAVELA, KATHRYN A. SEDLACEK, HENRY D. SCHMOLL, and PHILIP A. KRAMER,<br><br>Plaintiffs,<br><br>vs.<br><br>AEGON USA LLC; TRANSAMERICA FINANCIAL LIFE; INSURANCE COMPANY; TRANSAMERICA RETIREMENT SOLUTIONS CORPORATION; KIRK BUESE; RALPH ARNOLD; KEN KLINGER; MARY TAIBER; DIANE MEINERS; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:15-CV-00030-EJM<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CASE CONTRIBUTION AWARDS**<br><br>Judge:        Hon. Edward J. McManus<br>Magistrate:   Hon. Jon S. Scoles |

## MEMORANDUM OF LAW

**I.     Introduction**

Plaintiffs in this ERISA breach of fiduciary duty class action obtained a favorable settlement on behalf of all participants in the Transamerica 401(k) Retirement Plan ("Plan"): Defendants agreed to create a $3.8 million settlement fund and they agreed to implement substantial structural changes to the Plan that will add significant value (estimated to be in excess of another $3 million) for Plan participants (the "Class"). The settlement provides meaningful, retroactive and prospective monetary benefits to Class members. These benefits were generated through the efforts of Plaintiffs' counsel.

1

As the record before this Court demonstrates, this favorable outcome is the direct result of the hard work and diligent efforts of Plaintiffs' counsel, as well as the contribution of the named Plaintiffs. For the reasons set forth below, Plaintiffs' counsel now respectfully request that the Court award them $1,266,666 for their attorneys' fees and $40,788.61 in reimbursement for their costs and expenses. The requested fee represents one-third of the $3.8 million settlement fund, which amounts to roughly fifteen percent of the estimated total monetary value of the settlement. The requested fee fairly and reasonably compensates Plaintiffs' counsel for their time and effort. Plaintiffs also request that the Court award each individual Plaintiff $6,000 to compensate them for his or her time and effort bringing this action and helping to secure a settlement that benefits all Plan participants.

Plaintiffs' counsel's fees and expenses are both reasonable and warranted because: (i) the settlement provides substantial, meaningful retroactive and prospective monetary compensation and economic benefits; (ii) Plaintiffs' counsel undertook this litigation on a completely contingent basis, advancing all expenses and accepting all risk, including the very real possibility that they could receive no compensation or reimbursement whatsoever for years of work; (iii) the requested fees and expenses were negotiated by the parties after agreement was reached on all other terms of the settlement; and (iv) the requested fee represents a relatively small percentage of the settlement's total economic value.

## II.     Factual and Procedural History

Plaintiffs incorporate herein by reference the background information contained in their Motion for Final Approval of Class Action Settlement filed contemporaneously herewith. The contemporaneously filed declarations from Plaintiffs' counsel in support of the instant motion demonstrate that the parties in this litigation vigorously advocated their respective positions and

2

that the settlement was the product of extensive, arm's-length negotiations that took place over the course of many months.

On June 24, 2016, the Court conditionally certified this action as a class action and appointed the undersigned as Plaintiffs' Class Counsel. (Dkt. No. 98.) The Court's Order also granted preliminary approval of the settlement in its final form and it ordered Plaintiff's counsel to submit an application for approval of attorneys' fees, expenses, and service awards by September 19, 2016. (*Id.* at ¶ 18.)

## III. Argument

### A. Plaintiffs' Counsel Are Entitled To Their Requested Fees

Class actions and class action attorneys play an important role in the judicial system. "The class action is designed to provide average citizens who have suffered a common injury a means of redress and protection in what is otherwise often a wealthy person's system of justice." *Dooney v. Norwest Mortgage, Inc.*, No. 4-96-CV-90100, slip op. at 4 (S.D. Iowa, Feb. 17, 1999). Because of the "substantial amounts of time and resources" necessary to prosecute a class action and the substantial risk involved, "when resourceful class action attorneys successfully prosecute a class action or negotiate a substantial recovery for the class" they should be "adequately compensate[d]." *Id.* at 4-5. "If the Plaintiff's bar is not adequately compensated for its risk, responsibility, and effort when it is successful, then effective representation for plaintiffs in these cases will disappear." *Muehler v. Land O'Lakes, Inc.*, 617 F. Supp. 1370, 1376 (D. Minn. 1985). As set forth in more detail below, this rationale supporting full and fair compensation applies here.

Plaintiffs' counsel are entitled to reasonable attorneys' fees to compensate them for their work in recovering damages on behalf of this nationwide class. The time spent and expenses incurred by Plaintiffs' counsel more than justify their request for fees and expenses. Because

3

Plaintiffs' counsel's request for one-third of the monetary payment (which is only half of the total monetary value of the settlement to the Plaintiff Class), this amount is reasonable and well within the fee range approved by courts in similar litigation. Plaintiffs' fee request should be approved by the Court.

### B. The Parties' Negotiated Settlement Agreement Is Entitled To Deference

The settlement fully negotiated by the parties specifies that Defendants would not oppose an application for an award of attorneys' fees and expenses in this action of up to one-third of the $3.8 million settlement fund (plus costs). *See* Class Action Settlement and Release, Section 8.2(a) (Dkt. No. 87). The amount of attorneys' fees was negotiated at arm's-length by experienced counsel for all sides only after the substantive relief to the Class had been agreed upon by the parties. The agreement on fees and expenses was subject to rigorous arm's-length negotiation and deserves the same deference as the underlying settlement terms. As the Eighth Circuit observed in considering the award of attorneys' fees in a class action settlement: "We are mindful of the limited scope of our review. We are dealing, as before, with a settlement agreement and such agreements are presumptively valid." *Little Rock School Dist. v. Pulaski County Special School Dist. No. 1*, 921 F.2d 1371, 1391 (8th Cir. 1990). Thus, just as with the other proposed settlement terms, this Court should, at the outset, conclude that the parties' agreement on the payment of attorneys' fees and expenses enjoys a presumption of fairness.

Here, attorneys' fees were addressed only after the settlement to the class was finalized, and therefore, there was no potential conflict of interest with the Settlement Class members. *See Little Rock School Dist.*, 921 F.2d at 1383 ("[T]he fee was discussed only after all other aspects of the agreement had been concluded, and . . . prospects of a fee did not influence counsel's

4

negotiating position on the substantive aspects of the case. The District Court made no finding of a conflict of interest, and no basis exists for such a finding.").

Under these circumstances, the Court should readily conclude that the requested fee award in this case is fair and reasonable. *See Cohn v. Nelson*, 375 F. Supp. 2d 844, 861 (E.D. Mo. 2005) ("[W]here, as here, the parties have agreed on the amount of attorneys' fees and expenses, courts give the parties' agreement substantial deference."); *Heilman v. Perfection Corp.*, 93 F.Supp.2d 1311, 1312-13 (W.D. Mo. 2000) (approving class action fee award of $5,565,000 for approximately 7,500 recorded hours for prosecution of the case and finding it unnecessary to closely critique the award, which was agreed to in arm's-length bargaining between counsel).

### C.     Plaintiffs' Requested Attorneys' Fees Are Fair And Reasonable

"There are two generally accepted methods of calculating attorney fees: the lodestar method, and the percentage-of-the-fund approach. The choice of method is committed to the Court's discretion." *In re UnitedHealth Group Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158 (D. Minn. 2009); *see also Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) ("It is within the discretion of the district court to choose which method to apply."); *Nelson v. Wal-Mart Stores, Inc.*, 2009 WL 2486888, at *2 (E.D. Ark. Aug. 12, 2009) (citing cases within the Eighth Circuit approving the lodestar method). The Eighth Circuit has found that the lodestar method provides a fair means of evaluating a potential attorneys' fee award. See *Walitalo v. Iacocca*, 968 F.2d 741, 748 (8th Cir. 1992) (stating that the lodestar method is "fair to all parties involved').

"The Eighth Circuit has identified four factors in setting a reasonable fee using the lodestar method: (1) the number of hours spent by counsel; (2) counsel's 'reasonable hourly rate'; (3) the contingent nature of success; and (4) the quality of the attorneys' work." *In re*

5

*UnitedHealth Group*, 631 F. Supp. 2d at 1158-59 (*citing Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975)); *Cohn*, 375 F. Supp. 2d at 861 (*citing Dekro v. Stern Brothers & Co.*, 571 F. Supp. 97, 102 (W.D. Mo. 1983)). Under these four factors, Plaintiffs' counsel's request for their fees should be approved.

### D.     Plaintiffs' Counsel's Lodestar Supports Their Fee Request

"Under the "lodestar methodology, the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation, so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action." *Johnston*, 83 F.3d at 244. Plaintiffs' counsel have incurred a total lodestar of $907,567.50. *See* Declarations of Gregory Y. Porter, Todd M. Schneider, Todd S. Collins, Peter K. Stris, J. Barton Goplerud, and Brad J. Brady attached hereto as Exhibits 1 to 6. Their time reflects the time associated with the prosecution and settlement of the claims in this action. *See id.* Plaintiffs' counsel also expect to spend substantial additional time preparing for the Fairness Hearing, responding to any objections, and administering the settlement. Plaintiffs' counsel's time is billed at their normal and usual rates, which are consistent with rates reasonable and customary to their markets. *See* Order in *In re H&R Block Inc., Express IRA Marketing Litig.*, No. 4:06-md-01786 (W.D. Mo. May 17, 2010). The total attorneys' fee award requested reflects a multiplier of roughly 1.40 of their lodestar.

In addition to the time spent on this action, Plaintiffs' counsel have incurred unreimbursed expenses related to this matter totaling $40,788.61. *See* Declarations of Plaintiffs' counsel attached hereto as Exhibits 1 to 6. In light of the favorable results obtained for the class, the skill displayed by Plaintiffs' counsel, their efforts in resolving the complex issues in the litigation, the considerable risks they bore in pursuing this matter, the need to spend substantial additional time completing the process of settlement administration, and the multipliers typically applied under

6

similar circumstances elsewhere, the fee sought here is plainly reasonable. *See, e.g., Nelson*, 2009 WL 2486888, at *2 (citing cases within the Eighth Circuit approving lodestar multipliers of up to 5.6); *Cohn*, 375 F. Supp. 2d at 861 (approving a requested 2.9 multiplier and stating that "courts typically apply a multiplier of 3 to 5 to compensate counsel for the risk of contingent representation."). Plaintiffs' counsels' request for $1,266,666 in fees and $40,788.61 for unreimbursed expenses is fair and reasonable.

### E. Plaintiffs' Counsel Provided Exceptional Work In This Litigation

Large scale, commercial class actions are, by their very nature, complicated and time consuming. Here, Plaintiffs' counsel was successful in achieving an outstanding result, however substantial time and resources were required to obtain this result which was by no means certain. Defendants denied and continue to deny all of Plaintiffs' allegations, and defense counsel advocated this position strenuously throughout the extensive settlement negotiations. Had the parties not reached a fair and reasonable compromise, this litigation would no doubt have proceeded for the foreseeable future, delaying relief to class members, with the risk of obtaining no relief at all, and unnecessarily expending judicial resources. *See Cohn*, 375 F.Supp.2d at 862 (approving requested fee, stating "this Court looks favorably upon the skill of counsel in achieving benefits without burdening the judicial system."). In light of the legal and factual complexities and challenges presented by this case, this settlement is a very favorable result for the class. Moreover, because Plaintiffs' counsel prosecuted this case on a contingent basis, including advancing all fees and expenses during the litigation, counsel faced the very real risk of an unsuccessful outcome and no fee of any kind. During the extensive and complicated settlement talks, which stretched over a period of months, Plaintiffs' counsel skillfully negotiated an early and fair resolution of the claims

7

at bar, which because of their relatively small size likely never would have been pursued on an individual, hourly-fee basis.

These facts more than satisfy the third and fourth factors that the Court must examine in determining the amount to award in attorneys' fees and expenses. The contingent nature of the case and the quality of the lawyering are evident in the record and the result.

### F.     Plaintiffs Are Entitled To Case Contribution Awards

In light of their efforts resulting in a favorable settlement on behalf of a nationwide class of Plan participants, the named Plaintiffs are deserving of modest case contribution awards. The settlement provides that, subject to Court approval, the Defendants will not oppose case contribution awards of up to $6,000.00 for each named Plaintiff. *See* Class Action Settlement and Release, Section 8.1(a), Dkt. No. 87. The Court should approve the case contribution awards to the named Plaintiffs participating in the settlement for their role in pursuing this case and obtaining a favorable settlement on behalf of a nationwide class.

The time an individual devotes to a lawsuit which inures to the common benefit of the class warrants entitlement to an award greater than what the typical class member will receive. *See In re US Bancorp Litig.*, 291 F.3d at 1037 (approving case contribution awards to five named plaintiffs whose efforts in the litigation resulted in a class fund of approximately $3.5 million); *In re Aquila ERISA Litig.*, 2007 WL 4244994, at *3 (W.D. Mo. Nov. 29, 2007) (awarding incentive awards between $5,000 and $25,000 for named plaintiffs because they "rendered valuable service to the Plan and all Plan Participants. Without this participation, there would have been no case and no settlement"). The size of the service awards sought here is consistent with the amounts awarded in the cited cases. In this case, the representative Plaintiffs request a modest award of $6,000.00 each for providing assistance to counsel in investigating and pursuing this mater. The named

Plaintiffs were regularly and substantially involved in this prosecution of this litigation. The named Plaintiffs assisted with the investigation of the claims at issue. They provided documents, prepared for depositions, traveled to and from counsel's offices for meetings, reviewed court filings, and remained in close contact with their counsel so that they could receive updates throughout the litigation on procedure and settlement efforts. Plaintiffs' participation and input was important and substantive for the benefits of the class members and this litigation. Their conduct has inured to the substantial benefit of the class: without their efforts, this case would not have been brought and this settlement would not have been achieved. *Id.*

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant this Unopposed Motion and approve Plaintiffs' counsel's fee request of $1,266,666, Plaintiffs' counsel's request for unreimbursed expenses in the amount of $40,788.61, and approve a case contribution award to each of the named Plaintiffs of a $6,000.

Dated: September 19, 2016  Respectfully submitted,

By: */s/ Gregory Y. Porter*
Gregory Y. Porter (*Pro Hac Vice*)
Gabriel F. Siegle (*Pro Hac Vice*)
James L. Kaufmann (*Pro Hac Vice*)
BAILEY & GLASSER LLP
1054 31st Street, Suite 230
Washington, DC 20007
Telephone: 202-463-2101
Facsimile: 202-463-2103
gporter@baileyglasser.com
gsiegle@baileglasser.com
jkauffman@baileyglasser.com

Brad J. Brady (AT0001138)
BRADY PRESTON BROWN PC
2735 First Avenue SE

Cedar Rapids, Iowa 52402
Telephone: 319-866-9277
Facsimile: 319-866-9280
bbrady@bradyprestonbrown.com

J. Barton Goplerud (AT0002983)
HUDSON, MALLANEY,
SHINDLER & ANDERSON, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: 515-223-4567
Facsimile: 515-223-8887
jbgoplerud@hudsonlaw.net

Todd M. Schneider (*Pro Hac Vice*)
Mark T. Johnson (*Pro Hac Vice*)
Kyle G. Bates (*Pro Hac Vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS, LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: 415-421-7100
Facsimile: 415-421-7105
tschneider@schneiderwallace.com
mjohnson@schneiderwallace.com
kbates@schneiderwallace.com

Garrett W. Wotkyns (*Pro Hac Vice*)
Michael C. McKay (*Pro Hac Vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS, LLP
8501 North Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
Telephone: 480-428-0142
Facsimile: 866-505-8036
gwotkyns@schneiderwallace.com
mmckay@schneiderwallace.com

Todd S. Collins (*Pro Hac Vice*)
Shanon J. Carson (*Pro Hac Vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103-6365
Telephone: 800-424-6690
Facsimile: 215-875-4604
tcollins@bm.net

scarson@bm.net

Peter K. Stris (*Pro Hac Vice*)
Brandon S. Maher (*Pro Hac Vice*)
Dana Berkowitz (*Pro Hac Vice*)
Victor A. O'Connell (*Pro Hac Vice*)
STRIS AND MAHER LLP
725 South Figueroa Street, Suite 1830
Los Angeles, California 90017
Telephone: 213-995-6800
Facsimile: 213-261-0299
peter.stris@strismaher.com
brendan.maher@strismaher.com
dana.berkowitz@strismaher.com
victor.oconnell@strismaher.com

*Attorneys for Plaintiffs*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19th, 2016 I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Kelle J. Winter*
Kelle J. Winter